# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ALLER-CAIRE, INC., | ) | |
| an Illinois Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 4086 |
| | ) | |
| v. | ) | Wayne R. Andersen |
| | ) | District Judge |
| AMERICAN TEXTILE COMPANY, | ) | |
| a Pennsylvania Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on defendant American Textile Company's ("American Textile") motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, that motion is granted in part and denied in part.

## BACKGROUND

Plaintiff Aller-Caire, Inc. ("Aller-Caire") operates a retail store in Lisle, Illinois and is in the business of selling allergy treatment related products to the public at retail and wholesale. Specifically, among the products offered by Aller-Caire are allergy sensitive mattress and pillow encasements. Plaintiff incorporated in the State of Illinois on June 10, 1990, and has marketed and sold its allergy sensitive products to customers throughout the United States and Canada under its trade name "ALLER-CAIRE" since that time. Aller-Caire alleges in its complaint that it is the owner of the common law trade name, "ALLER-CAIRE."

On or about August 1, 2006, American Textile began using the trade mark "ALLER CARE" in connection with the sale of allergy sensitive pillow and mattress encasements. American Textile registered the trade mark "ALLER CARE" with the United States Patent and

Trademark Office on November 21, 2006. On March 12, 2007, Aller-Caire sent American Textile a cease and desist letter, in which Aller-Caire demanded that American Textile stop using the mark "ALLER CARE." American Textile refused to stop using the mark "ALLER CARE" and continues to use the mark in connection with the marketing and sale of bedding products available nationally and internationally.

On July 20, 2007, Aller-Caire filed its two-count complaint against American Textile alleging (1) trademark infringement in violation of Section 43(a) of the Lanham Act, and (2) tortious interference with prospective economic advantage. American Textile now moves to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## DISCUSSION

*A.     Legal Standard*

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept all well-pled allegations in the complaint as true, and draw all reasonable inferences in a light favorable to the plaintiff. *Jackson v. E.J. Branch Corp.*, 176 F.3d 971, 978 (7th Cir. 1999). A complaint must describe the claim with sufficient detail as to give the defendants "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1964 (2007) *(quoting Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Further, the "allegations must plausibly suggest that the defendant has a right to relief raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007) *(citing Twombly,* 127 S.Ct. at 1965).

B.  *Plaintiff's Claim for Trademark Infringement Under the Lanham Act*

American Textile argues that Aller-Caire's claim for trademark infringement should be dismissed because Aller-Caire has failed to allege a likelihood of confusion. In order to state a claim for trademark infringement under the Lanham Act, the plaintiff must allege (1) that its mark is protectible, and (2) that the defendant's use of the mark is likely to cause confusion among consumers. *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 638 (7th Cir. 2001). Aller-Caire contends that, although it has not explicitly alleged a likelihood of confusion in its complaint, it has alleged facts sufficient to infer a likelihood of confusion. However, an inference of likelihood of confusion is insufficient under the federal pleading standards. *See Twombly,* 127 S.Ct. at 1965. Therefore, Aller-Caire has not properly pled a claim for trademark infringement under the Lanham Act. Accordingly, Count I is dismissed without prejudice. Aller-Caire is given leave to file an amended complaint in which Aller-Caire may reassert its claim for trademark infringement.

C.  *Plaintiff's Claim for Tortious Interference With Prospective Economic Advantage*

American Textile next argues that Aller-Caire's claim for tortious interference with prospective economic advantage should be dismissed because Aller-Caire's complaint fails to allege a business expectancy with a specific third party or any action by American Textile directed towards that third party. Under Illinois law, in order to state a claim for tortious interference with prospective economic advantage, a plaintiff must allege (1) that he had a reasonable expectancy of a valid business relationship, (2) that the defendant knew about the expectancy, (3) that the defendant intentionally interfered and prevented the expectancy from

ripening into a valid business relationship, and (4) that the defendant's intentional interference injured the plaintiff. *Schuler v. Abbott Labs.*, 265 Ill. App. 3d 991, 994 (1993).

Here, Aller-Caire's complaint fails to allege a business expectancy with a specific third party, but rather alleges generally that Aller-Caire "had a reasonable expectancy of entering into business relationships with customers in the United States and Canada . . . ." (Compl. ¶ 11.) This allegation would likely be insufficient under Illinois state pleading standards, which require a plaintiff to allege a business expectancy with a specific third party. *See Underwriters of Am. Agency, Inc. v. McCarthy,* 826 N.E.2d 1160, 1169 (Ill. App. Ct. 2005). However, the Seventh Circuit has made clear that "[t]he Federal Rules do not require that [a] complaint allege the specific third party or class of third parties with whom [the plaintiff] claims to have had a valid business expectancy." *Cook v. Winfrey*, 141 F.3d 322, 328 (7th Cir. 1998). All that is necessary is that the plaintiff allege that such an expectancy existed and that the defendant purposely interfered with it. *See id.* Aller-Caire's complaint contains such allegations. Therefore, we deny American Textile's motion to dismiss with respect to Aller-Caire's claim for tortious interference with prospective economic advantage.

D.  *Competitor's Privilege*

Lastly, American Textile argues that Aller-Caire cannot state a claim of tortious interference because the competitor's privilege defeats that claim. Under Illinois law,

> one who intentionally causes a third person not to enter into a prospective contractual relation with another who is his competitor . . . does not interfere improperly with the other's relation if (a) the relation concerns a matter involved in the competition between the actor and the other and (b) the actor does not employ wrongful means and (c) his action does not create or continue in an unlawful restraint of trade and (d) his purpose is at least in part to advance his interest in competing with the other.

4

*A-Abart Elec. Supply v. Emerson Elec. Co.*, 956 F.2d 1369, 1405 (7th Cir. 1992). "This 'competitor's privilege' arises when the business relation concerns a matter involving competition between the actor and the competitor." *Id.* Here, Aller-Caire alleges that American Textile acted with malice when American Textile allegedly began using the mark ALLER CARE in selling pillow and mattress encasements. This allegation, if true, constitutes "wrongful means" upon which the competitor's privilege is destroyed. *See Cacique, Inc. v. Gonzalez*, No. 03 C 5430, 2004 U.S. Dist. LEXIS 4966, at *7 (N.D. Ill. Mar. 26, 2004). Therefore, at the pleading stage, we must deny American Textile's motion to dismiss Aller-Caire's tortious interference claim with respect to American Textile's assertion of competitor's privilege.

## CONCLUSION

For the foregoing reasons, defendant American Textile Company's motion to dismiss [12] is granted without prejudice with respect to Count I and denied with respect to Count II. Plaintiff Aller-Caire, Inc. is given leave to file an amended complaint by September 26, 2008.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: August 28, 2008