# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ALLER-CAIRE, INC.,           )
an Illinois Corporation,     )
                            )
               Plaintiff,   )     No. 07 C 4086
                            )
          v.            )     Wayne R. Andersen
                            )     District Judge
AMERICAN TEXTILE COMPANY,   )
a Pennsylvania Corporation,    )
                            )
              Defendant.   )

## MEMORANDUM OPINION AND ORDER

This matter is before the court on plaintiff's motion to strike defendant's second, fifth, and sixth affirmative defenses. For the reasons set forth below, the motion is denied with respect to defendant's second affirmative defense and granted with respect to defendant's fifth and sixth affirmative defenses. Accordingly, defendant's fifth and sixth affirmative defenses are hereby stricken.

## BACKGROUND

Plaintiff Aller-Caire, Inc. ("Aller-Caire") operates a retail store in Lisle, Illinois and is in the business of selling allergy treatment related products to the public at retail and wholesale. Among the products offered by Aller-Caire are allergy sensitive mattress and pillow encasements. Plaintiff incorporated in the State of Illinois on June 10, 1990, and has marketed and sold its allergy sensitive products to customers throughout the United States and Canada under its trade name "ALLER-CAIRE" since that time. Aller-Caire alleges in its complaint that it is the owner of the common law trade name, "ALLER-CAIRE."

On or about August 1, 2006, American Textile Company ("American Textile") began using the trade mark "ALLER CARE" in connection with the sale of allergy sensitive pillow and mattress encasements. American Textile registered the trade mark "ALLER CARE" with the United States Patent and Trademark Office on November 21, 2006.

On September 26, 2008, Aller-Caire filed its amended complaint against American Textile alleging: (1) trademark infringement in violation of Section 43(a) of the Lanham Act; and (2) tortious interference with prospective economic advantage. On October 14, 2008, the defendant filed its amended answer and asserted twenty-one affirmative defenses. On October 23, 2008, the plaintiff moved to strike the twenty-one affirmative defenses. However, before this Court ruled on the motion to strike, the defendant amended its answer to include only six affirmative defenses. Plaintiff elected not to file a new motion to strike, and instead rely upon the original motion to strike the twenty-one affirmative defenses, but clarified in its reply brief that it is now only moving to strike American Textile's second, fifth, and sixth affirmative defenses under Rule 12(f) of the Federal Rules of Civil Procedure.

## LEGAL STANDARD

Motions to strike are generally disfavored because they potentially serve only to delay. *Heller Fin. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). But where motions to strike remove unnecessary clutter, they serve to expedite, not delay. *Id.* Additionally, affirmative defenses are pleadings, and therefore, they are subject to all pleading requirements of the Federal Rules of Civil Procedure. *Id.* Thus, affirmative defenses must comply with the notice pleading standard promulgated in Rule 8(a) of the Federal Rules of Civil Procedure. *Id.* Although the notice pleading standard requires the defendant to put the plaintiff on notice as to the defense asserted, the notice pleading standard does not require the defendant to plead specific

facts or legal theories. *Beanstalk Group, Inc. v. AM Gen. Corp.*, 283 F.3d 856, 868 (7th Cir. 2002).

**DISCUSSION**

## I.     Defendant's Second Affirmative Defense

The defendant's second affirmative defense asserts that the competitor's privilege bars the plaintiff's claim of tortious interference with prospective economic advantage under Illinois law. This affirmative defense satisfies the notice pleading requirements set forth in Federal Rule of Civil Procedure 8(a) because the defendant successfully put the plaintiff on notice as to the defense asserted. *Beanstalk*, 283 F.3d at 863; *Heller*, 883 F.2d at 1294. It is clear that the parties are competitors with respect to the product they sell. This affirmative defense puts Aller-Caire on notice of American Textile's claim that it is not liable under a tortious interference theory for engaging in such competition due to the competitor's privilege. The defendant does not need to plead anything more. Therefore, plaintiff's motion to strike is denied with respect to American Textile's second affirmative defense.

## II.    Defendant's Fifth Affirmative Defense

The defendant's fifth affirmative defense asserts that the damages sustained by the plaintiff are not the proximate result of the defendant's acts and/or omissions. This allegation does not constitute an affirmative defense because the plaintiff always bears the burden of proving proximate causation. *See, e.g.*, *B. Sanfield, Inc. v. Finlay Fine Jewelry Corp.*, 76 F. Supp. 2d 868, 872 (N.D. Ill 1999). Therefore, to the extent American Textile claims that the plaintiff cannot prove proximate causation, such assertions can be raised in further motion briefs or at trial as support for the argument that plaintiff cannot prove its case and thus should not

prevail, but such a claim is not appropriately pled as an affirmative defense. Accordingly, we grant plaintiff's motion to strike defendant's fifth affirmative defense.

## III.     Defendant's Sixth Affirmative Defense

The defendant's sixth affirmative defense is merely a reservation of rights to amend the answer based on later discovery. A reservation of rights that may arise in the future is not an affirmative defense and should not be pled as such. *Banco Panamericano, Inc. v. Consortium Serv. Mgmt.*, No. 07 C 15, 2008 WL 4006764, at *12 (N.D. Ill. Aug. 26, 2008); *Kemper Sec., Inc. v. Banco Stander Trust & Banking*, No. 93 C 4599, 1993 WL 401914, at *1 (N.D. Ill. Oct. 7, 1993). Therefore, plaintiff's motion to strike is granted with respect to American Textile's sixth affirmative defense.

**CONCLUSION**

For the foregoing reasons, plaintiff Aller-Caire's motion to strike [66] is denied with respect to American Textile's second affirmative defense and granted with respect to American Textile's fifth and sixth affirmative defenses. American Textile's fifth and sixth affirmative defenses are hereby stricken.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated:  February 11, 2009_____